EMILY R. WILSON, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF CONVERSE PARKHURST, AND HER HUSBAND, APPELLANTS, VS. PHŒBE FRIDENBURG, APPELLEE.

1. Under the Constitution of this State the right of a wife as to the homestead is confined to a power to prevent alienation by her husband, the head of the family, without her consent made jointly with him. But the Constitution does not, however, repeal the statute allowing dower in the estate of the husband, and this right exists as to the homestead.

2. The exemption is from the debts of the head of the family, the owner of the homestead. It accrues to the heirs of the party having taken or enjoyed the benefit of it. Where such owner dies, leaving surviving him a widow and children, the right of the widow, if the estate is an intestate estate, is restricted to dower, and the benefit of the exemption as to the remainder of the estate in the homestead, after allowing dower, enures to the benefit of the children.

3. If the estate is a testate estate, and the devise to the widow is inconsistent with dower, then the widow is put to her election between the will and dower, and if she does not elect dower within one year after the probate of the will she is confined to the will, in which event the benefit of exemption as to the entire homestead enures to the children, as the homestead is not the subject of a testamentary disposition by the head of the family.

4. Where, in case of the wife surviving the husband, he dying testate, leaving her executrix with power of sale under the will, she executes a mortgage of the homestead under an order of court, the children surviving not being parties to such proceeding are not bound by it.

5. To all proceedings affecting the homestead upon the death of the head of the family his heirs are necessary parties.

Appeal from the Circuit Court for Madison county, to which the case was transferred from Duval county.

The facts of the case are stated in the opinion.

*A. W. Cockrell* and *Geo. U. Walker* for Appellants.

*J. E. Hartridge* and *M. C. Jordan* for Appellee.

MR. JUSTICE WESTCOTT delivered the opinion of the court:

Converse Parkhurst died testate in the year 1872 seised and possessed of a homestead situated upon lots No. 2 and (5) five, in block 25, in the City of Jacksonville, leaving surviving him his widow, Emily R., and two minor children, Edgar C. and Daisey E. He named his widow executrix and another person executor, and letters testamentary issued on the 28th December, A. D. 1872. The executor, however, was, on the 19th January, 1878, and before the execution of the mortgage which occasioned this suit, enjoined from acting as such executor.

The will directed payment of all just debts of the testator, gave the executrix and executor full power of sale of all the real estate of the testator, and directed that his

business at Jacksonville and Palatka, Florida, be carried on in the manner he had conducted it so long as in their judgment it should be deemed best for his estate. The business was to be closed and settled by them whenever they thought best to do so. The other provisions of the will we refer to as occasion requires.

After obtaining letters testamentary the widow and executrix, Emily R. Parkhurst, intermarried with James Y. Wilson. On the 9th of November, A. D. 1878, the Circuit Court for Duval county, on " petition presented," authorized the late widow of Converse Parkhurst, and executrix, and her husband to borrow from the respondent the sum of six thousand dollars, and to secure the payment thereof by mortgage on lots No. 2 and 5, in block 25, in the City of Jacksonville, and the loan and mortgage was accordingly made. There was default in payment, and this suit is now brought against the executrix of the last will of Converse Parkhurst and her husband (the children not being parties) to foreclose the mortgage. The bill does not disclose for what purpose the loan was made or the money used when received, and there is no copy of the record of the proceedings upon the petition in the record of the case here. The mortgage is an exhibit to the bill, and is prayed to be taken as a part thereof. In it there is a recital of the application by petition, and it is said to have been for " authority to borrow money to pay off judgments which had been rendered against the said estate and to pay debts, *et cetera.*" It will be noted that this order for authority was made on the 9th of November, A. D. 1878, while the testator died in 1872. A period of five years had thus elapsed, and the executrix and executor, if they had done their duty, should in this time have paid the debts of the testator, if there were any and they had the means to do so, and from the nature of the provisions of the will the presumption that there were available moneys is justified.

To this bill the defendants, so far as lot No. 2 was concerned, interposed pleas as follows:

First. That the said testator, who was the head of a family, owned and enjoyed the premises embraced in the mortgage before and at the time of his death as a homestead for his family, and that since his death his widow and children have and are now occupying it as a homestead, and that the lot is 105 feet square.

Second. That the minor children were not parties to or in anywise represented in the proceeding and decree of the 9th of November, A. D. 1878, nor was it made to appear that the lot was the homestead, or that he left heirs, surviving members of his family, residing with his widow upon the homestead; that the said decree authorizing the execution of the note and mortgage referred to in said bill provided in terms as follows: "That said note and mortgage so executed by them shall have the same force and effect to all intents and purposes as though the said Converse P. Devereux, as executor of said last will, and who has been enjoined by this court for the time being from attempting to administer said estate, had joined therein."

Third. That the funds alleged to have been borrowed from the complainant and secured by mortgage were never applied to the debts and liabilities incurred after the death of said Parkhurst.

Fourth. A plea setting up that the minor children are proper and necessary parties, and that they were not made parties.

The Chancellor overruled these pleas, and from this action this appeal is prosecuted.

The claim here is that because of the homestead exemption of the Constitution this property is, under the circumstances of this case, exempt from sale. So far, therefore, as the Constitution has any bearing upon the matter it is necessary here to interpret it.

The exemption clause of the Constitution, so far as it affects real estate and is involved in this case, is as follows : A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, and the improvements on the real estate shall be exempted from forced sale under any process of law, and the real estate shall not be alienable without the joint consent of husband and wife when that relation exists. But no property shall be exempt from sale for taxes or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner.

The exemption shall accrue to the heirs of the party having enjoyed or taken the benefit of such exemption, and shall apply to all debts except as specified, no matter when or where the debt was contracted or liability incurred. Const., Art. IX., Secs. 2 and 3.

The exemption here provided for is clearly exemption from sale for the debts of the owner of the property, who is the head of a family residing in this State, and it is also as clear as language can make it that this exemption as homestead from the *debts of such owner* is all that enures to his heirs upon his death by virtue of the Constitution. In this case, as we have stated it, there is nothing in the pleadings which shows that upon the death of the party who was the head of this family he was to any extent indebted. It is recited in the mortgage, which is an exhibit to the bill, that the purpose of the loan was to " pay off judgments which had been rendered against the estate, and to pay debts, *et cetera*," but whether these were debts

of the testator or debts incurred under the provisions of the will is not stated. As the mortgage to pay them was executed some five or six years after the death of the testator, and the executrix and executor were directed to continue the testator's business at Jacksonville and Palatka, the presumption would rather be that the debts were contracted in carrying this business on. One of the pleas also states that the money borrowed was not applied to the debts of Parkhurst, but this may have been because no debts existed to which to apply them. Nowhere do we find any issuable allegation that at the death of Parkhurst he owed debts. If he did not no exemption would enure under the Constitution, and the property constituting the homestead would be subject to the statute of descents and the law of dower in the same manner as if no homestead exemption existed. This, as to an intestate estate. Whether in such case a testamentary disposition would be effective we examine hereafter.

As the matter has been argued, however, in the light of debts existing at the death of the homestead owner, and as we think, in view of the conclusion we reach, that it is not improper to state our conclusions in that aspect of the case, we do so. We think the rule controlling the disposition of the homestead property in that event is the same as that which controls in the event of no indebtedness, except, perhaps, as to the extent and degree of the estate which would pass to the heir. This it is unnecessary to determine here.

There is no provision in our Constitution giving a widow any right of homestead. Her right is as wife, and is confined to a power to prevent any alienation by the husband, without the joint consent of his wife, and the exemption as homestead in the language of the Constitution accrues to the heirs of the party having enjoyed or taken the benefit of such exemption. As against such heirs, or as against

any creditor of a deceased husband, she has no homestead right simply because the Constitution does not in any way give it, unless she is an heir, and in this case she is not an heir under the statute, which in certain events makes her so. Her right here is confined to the general laws giving rights to widows, because such laws are not "inconsistent" with the exemption which accrues to the heirs. Without this constitutional provision the widow alone is protected in her right of dower in the husband's real estate, while the heir's interest is subordinate to the debt of the decedent. With this provision both are alike protected from the assault of the creditor, the one by virtue of the constitutional homestead exemption accruing to him, the other by virtue of her right under the general law controlling the rights of the widow in the real estate of her deceased husband.

But there is here a testamentary disposition of the whole estate of the decedent, embracing the homestead in general terms. It certainly will not be contended that the exemption of the homestead repeals the statute authorizing and regulating testamentary dispositions of property. It might as well be contended that the statute giving dower, in the real estate of the husband freed from his debts, had the same effect. We have already stated that the widow's right here is that of dower, and that she has no constitutional homestead right.

Under the will the testator directs that she "shall be paid quarterly, until his youngest child becomes twenty-one years of age, such a sum as shall be necessary to support her in the style in which we have lived for the five years next previous to my death, and when my youngest living child attains the age of twenty-one years, my estate, both real and personal, shall be divided equally between my wife and living child or children, share and share alike."

We have here a testate estate wherein the testator, who

is the husband, makes express provision, considerable in amount, for his wife, and where such provision is of a character inconsistent with the claim or right of dower of the wife. It presents a case where, under our statute, the widow is put to an election whether she will accept the provisions of the will or take dower. 14 Fla., 354; 6 Ala., 236; 2 V. & B., 222; 2 Rop. on Leg., 414. At the common law no time was fixed in which an election should be made. Under our statute (McC.'s Dig., 475,) the time is fixed at within one year after the probate of the will. Now, under the terms of the will, the interest of the widow it is very apparent is of a different character from that which is incident to her claim or right of dower. The fact of dissent or acquiescence is in no manner alluded to in the proceedings before the Circuit Court or in the record here. How, then, can either administer the law of the case except upon a presumption, which, whatever its nature, may be contrary to the fact? In other words, the pleadings are framed with reference to a homestead right of the widow, which never had any existence, and whether her right is as dowress or as the beneficial object of a testamentary trust, one or the other of which it must be, it is impossible to say.

The appellee here maintains, if we understand the matter, that the husband could devise the homestead for the benefit of his wife and children, and that such an act is not an alienation but is still effective to make the homestead right subject to the provisions of the will for the reason that the persons who are protected by the Constitution suffer no loss of rights or interests, but are properly and completely cared for, and that the mortgage being within the powers of the executrix, the wife, the homestead is bound. One case from Wisconsin is cited to sustain the proposition: 28 Wis., 88. This was not the case of a testamentary disposition of the

homestead.  The husband there conveyed to a trustee for the benefit of his wife and children a part of his homestead. The court held that the statute providing that a mortgage or other alienation of a homestead by the owner thereof, if a married man, would not be valid without the signature of the wife, rendered the trust which was thus attempted to be created void, held that the legal estate passed to the *cestuis que trust*, that a conveyance directly by the husband to the wife would have been void at law, but that such a conveyance of the homestead to the wife, or to the wife and children with the *consent and approval of the wife*, was not prohibited by the statute.

Thus we see that the deed here, while not signed by the wife, was assented to by her, and its effect was held to be to pass the present legal title to her and her children.

A testamentary disposition, such as we have in this case, admitting for the sake of argument that a will by general terms embraces the homestead, has no such effect for the reason that the wife and children take in subordination to the creditor of the husband if the constitutional protection does not intervene, and the idea, as we understand it, is that this is not an alienation for the reason that the wife and children are protected,—*committere agnum lupo!*

We do not understand any such result followed the doctrine in the case from Wisconsin.  On the contrary, it was because no such result followed that the deed, although not " signed " by the wife, was made effective as not being an alienation of the homestead property prohibited by the statute.  The homestead interest was not alienated from its intended purpose, the good of the family.  It remained subordinate to it.  But however this may be, the authorities in point are that the husband cannot devise the homestead. " The existence of such a right in the wife and children," in this case in the children, " is clearly incompatible with the

exercise of such a power over it by him." 100 Mass., 234 ;
37 Vt., 419 ; 25 Texas, 72 ; Thomp. on Hom., §544.

From what has been said, our views as to the rights of
the widow and the heirs, in this case the children, under
the Constitution, we think are disclosed so far as they are
necessary to be stated.

An application of the law to the pleadings, as we under-
stand it and them, results in the conclusion that the plea is
a complete reply to the case made by the bill so far as Lot
No. 2 is concerned. The case made by the bill is that of a
mortgage executed by the wife and executrix under the
powers of the will of the husband under the authority of
the court upon a certain parcel of land and improvements
thereon. The relief sought is foreclosure of mortgage and
sale of the land and improvements. The plea is that the
land sought to be sold, so far as Lot No. 2 is concerned, was
the homestead of the testator and family, that he died leav-
ing surviving him his widow and three minor children,
who have since his death resided thereon. This plea sets
up that there was no such interest in the mortgagor in the
premises sought to be sold as was prayed for by the bill,
and accepting every fact stated in the bill, and not denied
by the averments of the plea, as true, and the facts set up
in the plea as true, the result is, that the entire interest in
the property mortgaged was in the infant children. It is
insisted, however, that whatever interest the widow had in
the homestead, is bound by her act as executrix. But the
bill does not disclose any other interest except that of exec-
utrix with power of sale. As applicable to such a bill the
presumption, when we seek to determine the case made by
it, " is against the pleader because he is presumed to state
his case in the most favorable way for himself, and, there-
fore, if he has left anything material in doubt, it is assumed
to be in favor of the other party." The only interest the
widow could have in this homestead is that of dower.

The homestead does not pass under the will, and if the widow has not made her election in the time fixed by the statute, she is confined to the will and has no dower right to bind by this mortgage executed years subsequent to the time fixed for her dissent.

As to the petition and authority granted to the executor to mortgage the homestead. The infants were not parties to it and are not bound. The bill and the pleas are so framed as to leave it in doubt whether the only order made was not one granting authority to the executrix to execute the mortgage alone and without the executor, because her co-executor had been enjoined from further action as executor. How far this order is to operate as an estoppel as to the executrix, and what subject matter as to her is to be deemed adjudicated, we cannot determine upon this record.

It certainly does not operate to enable her to mortgage an estate of another person, which estate was not controlled by the will.

We conclude that the heirs, the children in this case, are in this State necessary parties in any suit affecting the homestead right upon the death of the owner thereof, and that as to them and as to the widow no case is made here so far as lot No. 2 is concerned. Nor is there any foundation for a decree against the executrix in this proceeding, so far as this lot is concerned, as the land embraced in the mortgage executed by her and sought to be foreclosed is the homestead, which is not the subject of a testamentary disposition by the husband, the head of the family and the owner of the property, in the sense that word is used in the Constitution.

The order overruling the pleas is reversed, and the case will be remanded with directions to the Circuit Court to enter an order allowing the pleas as to lot No. 2, and for such further proceedings as to lot No. five (5) as are consistent with this opinion and conformable to equity.