E. J. BARCO ET AL., APPELLANTS, VS. A. M. FENNELL AND WIFE, APPELLEES.

1. In an action of ejectment the defendant pleaded *not guilty*, and afterwards, filed with leave of the court, a special plea to the effect that the plaintiffs claimed title to the land described in the declaration, as heirs of the intestate of the defendant who is still administrator of his estate, and such estate remains unsettled. Upon motion of the plaintiff to require the defendant to elect between the two pleas, he elected to stand upon the special plea:

E. J. Barco et al. v. A. M. Fennell and Wife—Opinion of Court.

*Held,* That as the matter set up in the special plea could have been proved under the general issue of not guilty, the court should, of its own motion, have struck out the special plea.

2. A present right of possession is necessary to a recovery in ejectment.

3. Ejectment does not lie in behalf of an heir as against an administrator to recover possession of land to which the latter is entitled as an asset of the estate.

4. An administrator is not entitled as against the intestate's heirs to the possession of land exempt as the homestead of the intestate from forced sale for the payment of his debts under the Constitution of 1868, and ejectment will lie in behalf of the heirs against the administrator to recover possession of such land from the administrator, where the land occupied by the intestate as a rural homestead at the time of his death consisted of 160 acres or less, or where prior to his death he has, when actually occupying more than 160 acres, filed a written declaration of his homestead in the probate office of the County Judge, under act 1869, §11, p. 531, McC's. Digest.

5. Where one or more of the heirs is a minor, or otherwise incapable of binding himself, and the ancestor dies actually residing upon or occupying as his homestead, or home place, a tract of rural land exceeding 160 acres, and not having filed a written designation of a part thereof as his homestead, ejectment will not lie in behalf of such heirs, but the proper remedy for setting aside the homestead is by bill in equity under §2, chapter 3246, acts o 1881 ; §54, p. 166, McC's. Digest. Whether ejectment would lie in case of such occupation of rural lands if all the heirs were adults and capable of acting for themselves, *Quaere.*

Appeal from the Circuit Court for Leon county.

The facts of the case are stated in the opinion.

*S. Pasco* for Appellants.

*D. S. Walker, Jr.,* for Appellees.

THE CHIEF-JUSTICE delivered the following opinion :

The plaintiffs below, children of Alfred T. Barco, brought

an action of ejectment against his widow and A. M. Fennell, whom she married after the decease of her former husband, to recover certain lands of which he was seized at the time of his death. A plea of not guilty was filed, but subsequently abandoned to give place to another plea under an order of court made on motion of plaintiffs requiring an election between the two. It is alleged for error that the court should not have allowed the second plea to be filed.

This plea is that the plaintiffs claim title to the land described in the declaration as the heirs of Alfred T. Barco. That letters of administration were issued to Mary A. E. Fennell, when she was still unmarried and the widow of said Barco, on the estate of said Barco before the commencement of this action ; and that at the time of the commencement of the action she was and is now the administratrix of said estate, and that the said estate remains unsettled.

It does not appear that any resistance was made to the filing of this plea, but that on the same day the plaintiffs made their motion to put the defendant to an election between this and their plea of not guilty. The plea was intended as a defense to the whole action, and was an improper plea, inasmuch as in an action of ejectment the matters set up, if good as a defense, could have been introduced in evidence under the plea of not guilty ; and the court has power in such case to strike out the additional plea ; (Wade vs. Doyle, 17Fla., 522) and we think it was its duty to do so, that the issue might be reduced to " one simple plea adapted to the trial of the merits with more facility and certainty." It is probable the leave to file the plea was given without attention being drawn to its character in the particular action, the liberal practice under our rules ordinarily allowing additional pleas, without question, if

good in substance, and not mere repetition in different words of the substance of those already in. But the plaintiffs instead of moving to strike out the plea, moved that defendants be required to make election between the two ; and this motion having been granted, the plea of not guilty was abandoned and the additional plea chosen for the defense.

The next step was a demurrer of plaintiffs to this plea. The court overruled the demurrer, and this is assigned for the second error. We then have the question presented involving the sufficiency of the plea as a defense to the action. It is apparent that the pleader had in his mind the idea that ejectment would not lie at the suit of heirs against the representative of the deceased ancestor to recover lands left as a part of his estate while the lands were still held for purposes of administration. Lands under our law being assets in the control of the representative of the deceased for the payment of debts, this idea is a correct one, and so long as the estate remains unsettled the representative cannot be disturbed in the possession except by some proceeding connected with the administration itself, by which it may be shown that the lands are not needed for the purpose for which the law committed them to his or her possession. But does the plea meet the requirements of the case ? In view of other law applicable to estates, we think it does not.

Under the Constitution of 1868 when a person died leaving lands on which he had a homestead, that part of the estate was not subject to administration. Baker vs. The State, 17 Fla., 406. Not being assets for the executor or administrator, the heirs were entitled to it, subject to dower, immediately upon his death. It is, therefore, necessary that an executor or administrator claiming to hold lands of the deceased in a representative capacity, should

show that they are lands he can hold as assets; and a pleading based on such claim which does not allege this is defective. In the case before us this is not done. The plea simply sets up that the lands sued for are claimed by the plaintiffs as heirs of A. T. Barco, that defendant, Mrs. Fennell, is administratrix of said Barco, and that the administration is unsettled, without any allegation that the lands are subject to administration. If they are not the plea is bad, for it should assert everything to show that they are held in rightful possession. If instead of a trial on this special plea, the case were tried under the general issue, and the matter of the plea introduced in evidence, as it might be, it would not avail unless supported by evidence that the lands were such as the administratrix was entitled to hold as subject to administration. She can be in no better position because she has chosen to rest the defence on the special plea ; and in doing that she should make her allegations as broad as the proofs required to render the defence complete. As this is not done, we think the demurrer to the plea should have been sustained.

For error in overruling the demurrer the judgment must be reversed, and here we might close our opinion. But as the case will be for trial again, it may be well to express our views of other questions that followed the overruling of the demurrer.

The plaintiffs filed two replications. The first alleges that the lands mentioned in the declaration were not in the possession of the defendants by virtue of letters of administration to Mary A. E. Fennell on the estate of A. T. Barco, but the defendants held and claimed the same as the absolute property of the said Mary. The second alleges that a portion of said lands comprise the homestead of A. T. Barco, and the plaintiffs are his heirs.

The defendants demur to both replications—to the first, on the ground that such allegation would not entitle the plaintiffs to recover. If the defendants got possession of the lands by virtue of the administration on the estate of A. T. Barco, and that estate is still unsettled, it makes no difference what other claim they may make to title, so far as any rights of the plaintiffs are concerned, if there has been no change in the status of the title by reason of any legal proceeding in the course of administration to effect it, they would still be held to such disposition of the land as upon settlement of the estate, or intervening order in accordance with law, the proper court might direct. Ejectment, therefore, would not be an appropriate action to ascertain and determine the rights of the parties, and for this reason we think the demurrer to the first replication was properly sustained.

To the second replication the demurrer objects. 1st, Because a portion of the land described therein (160 acres) includes 122½ acres, described in the declaration as having been set aside as the dower of Mrs. Fennell (formerly Barco). This is an allegation of fact not clearly appearing from the declaration and replication, and is not proper matter for demurrer; but the second cause of demurrer to this replication is more to the point, viz : That it is not alleged that the 160 acres mentioned in the replication has been set aside as required by law, or that the plaintiffs are entitled to the same as the heirs of A. T. Barco, or otherwise. The replication is defective in the latter particular, though it is to be inferred that it was the intention of the pleader to rely on the fact of title through such heirship. But, passing that by, we find the replication insufficient on the ground that it should appear that the homestead has been set aside, that is, the lands constituting it should be definitely ascertained before an action of ejectment will

lie on the part of the heirs. It is true that under the homestead law applicable to the case, it has been held that the homestead is not subject to debts, and that it goes to the heirs whether during the lifetime of the ancestor it was claimed and designated by metes and bounds or not. But the widow may have her dower therein, and in case she takes it the right of the heirs as to the portion taken remains in abeyance till her death. Baker vs. State, 17 Fla., 406; Wilson, Ex'r, vs. Fridenberg, 19 Fla., 461; Ibid, 21 Fla., 386.

If the homestead had been marked out and recorded in the lifetime of the ancestor, and there had been no dower taken in those lands, it can be seen that the heirs would have a definite basis for the action of ejectment; but in the absence of such ascertainment of the homestead there is none but an uncertain basis, on which it would be impracticable to found a verdict. This is well illustrated by the case before us. The declaration claims $312\frac{1}{2}$ acres of land, less $122\frac{1}{2}$ acres that have been set aside for dower, and claims the reversion in that. The plea resists the claim because the lands belonged to A. T. Barco and the defendant, Mrs. Fennell, is administratrix on his estate. To that the plaintiffs reply that 160 acres of the land were the homestead of said Barco, and they are his heirs. The lands in each instance are described; but the homestead never having been set aside, how can the plaintiffs say that those they describe are the lands A. T. Barco intended or held as his homestead? If there had been but 160 acres, the quantity allowed for a homestead outside of a city or town, or there had been less, ejectment might lie, where no other complication existed, as was the case of McDougall vs. Meginniss, 21 Fla., 362. But when the actual home premises exceed the 160 acres, we see no way where that

quantity has not been carved out for a homestead by the ancestor, by which his heirs can claim this or that portion in preference to others, and fix it as the portion they are entitled to, until it has been set apart under the statute, or through some other appropriate proceeding. The confusion is made worse in this case by the fact of the widow's taking dower in the lands. Who can say what part of the homestead the dower lands cover, so long as there has been no step, nor any record, to ascertain and fix the boundaries of the homestead?

The court was right in its ruling on the demurrer to the second replication.

But for previous error the judgment is reversed and the case will be remanded for proceedings not inconsistent with this opinion.

MR. JUSTICE RANEY delivered the following opinion:

I. It appears from the declaration that part of the land described in it has been assigned to Mrs. Fennell, formerly Mrs. Barco, as her dower in the estate of the intestate, A. T. Barco, her former husband. The declaration seeks to recover *inter alia* "the reversion and remainder in and to said dower lands after the termination of the life estate of said doweress therein." Ejectment is a possessory action, and one of the essentials of its applicability to any case is that there shall be in the plaintiff a right to present possession of the land sued for. This right of possession must have existed at the institution of the action, and without it the plaintiff cannot recover, notwithstanding he may show a title or right of property. Tyler on Ejectment, Secs. 76, 78, 87; Jones vs. Lofton, 16 Fla., 189; Asia vs. Hiser, 22 Fla., 378. The effect of the declaration is to ad-

mit the right of Mrs. Fennell to possession of the dower land, during her life. Until the plaintiffs shall be entitled to possession of it, ejectment will not lie, although the remainder in fee may be in them.

II. The plea of not guilty was sufficient to cover the issue attempted to be set up by the special plea, and it was error to permit the latter to be filed. The Circuit Judge would have done right had he *sua sponte* struck out the special plea, at the defendants' cost, even on the plaintiffs' motion to require an election, or on the demurrer to such plea. Wade vs. Doyle, 17 Fla., 522.

Assuming for a moment that the special plea was admissible, it still would not have been good because an administrator is not entitled to the possession of lands which are not assets of his intestate's estate. All lands of an intestate are not assets. The homestead is not assets, but the heirs, as against the administrator, are entitled to the possession of it, (Art. IX, Constitution 1868, and sec. 16, p. 533, McC.'s Dig.,) and consequently a special plea, were it permissible, should, to be good, be broad enough to raise upon the declaration the issue that the land sued for is assets, or, in other words, deny that it was the intestate's homestead, and consequently it should have alleged that the lands were assets. The declaration was sufficient to admit of proof that the lands were homestead, and consequently not assets. Assuming it can be proved that the land sued for, or any part of it, was the actual and legal homestead of the intestate, it is clear that the fact that the defendants are his administratrix and administrator would, as against his heirs, be no defence to the action.

III. If the special plea had been struck out, as it should have been, the special replications would not have been put

in, but the case would have gone to trial on the issue joined on the plea of not guilty.

Upon the remanding of this cause the pleadings may be reformed in accordance with the views of this court, if plaintiffs deem it advisable to proceed with the case.

In view of the fact that further proceedings may be had, it is proper to make some observations suggested by matter contained in the second replication to the special plea, though it is not a proper pleading.

This replication is as follows: That a portion of said lands comprise the homestead of the late A. T. Barco, who, at the time of his death, in 1869, was a resident of the State of Florida, and the head of a family, and the plaintiffs are his heirs at law, which said portion is described as follows, viz: Beginning at a point on the Watson line where the eastern boundary of lot No. 104 reaches said line, then running in a westerly direction 36.49, then in a northerly direction 54.30 chains, then in an easterly direction 12.75 chains, then in a southerly direction 15.65, then in an easterly direction 22.75 chains to the eastern boundary of said lot 104, or its extension, thence along said line in a southerly direction 38.60 to the starting point, comprising 160 acres more or less.

In so far as the widow is legally entitled to dower in the lands described in this replication, even assuming they were, as distinguished from other lands, the actual and legal homestead of the intestate at his death, or that the same has been set aside, since he died, as the homestead in plaintiff's behalf, she cannot be disturbed in her possession of the land duly assigned her as dower. She is entitled to possession for her life as against the heirs to the extent that she is endowable in the homestead under the Constitution of 1868. Wilson vs. Fridenburg, 19 Fla., 461; 21 Fla., 386.

If the land described in the replication contains no more than 160 acres, and is, as is our understanding, not in an incorporated city or town, the heirs are entitled to recover in this action so much of it as she has not been lawfully assigned as dower, if, it was, as distinguished from his other lands, the actual and distinct homestead of the intestate at his death, and he was the head of a family residing in this State within the meaning of the Constitution. Where the head of a family at the time of his death actually lived upon and occupied as his homestead one hundred and sixty acres or less, this land descended, under the Constitution of 1868, to his heirs, and his administrator or executor was not entitled to possession as against them. It was not necessary to the heirs' rights of inheritance or possession that the ancestor should have filed a statement of its description, and had the same recorded under the act of 1869, Sec. 11, p. 531, McC.'s Digest; Baker vs. State, 17 Fla., 406.

Where the head of a family is living on and occupying as an actual homestead, land containing more than 160 acres, the law permits him to hold only 160 acres of it as a legal homestead exempt from his debts. Whatever his right to one hundred and sixty acres, as a legal homestead, was, the same right descended to his heirs. Baker vs. State, *supra*.

In the case before us one of the plaintiffs is a minor, and cannot bind himself by a selection, and on this account at least there should have been a "setting apart" of the homestead by a proceeding in a court of equity, under Section 2, Chapter 3246, p. 63, Act of 1881, Sec. 54, p. 166, Mc.'s Dig., if it was part of a body of more than 160 acres, and there had never been any setting apart of a homestead therein by the intestate. Whether if all the heirs were adults and capable of binding themselves it would be ne-

cessary under such circumstances to resort to equity for an assignment of the homestead, is a question unnecessary to decide.

If special pleadings were admissible in this case, I think the replication under discussion would (omitting or regarding as immaterial the words " more or less ") be good, as the fact of a prior setting apart the homestead by the ancestor in his lifetime, in behalf of the heirs after his death, wherever such setting apart was made necessary by his home having been on a body of more than 160 acres, could be proved under and is comprehended in the allegation that the land described in such replication was his homestead. Of course it would be good if the tract occupied by him as a homestead contained only 160 acres or less.

IV. As to lands which are not claimed as homestead, and have not been assigned as dower to the widow, an administrator may, if he is in default, as to his duties as administrator, be called to a settlement of his accounts by the heirs in the proper tribunal, and required to turn over the residue of the estate, after settling prior claims to them.

V. If the defendants are in posssion of lands to which the plaintiffs are entitled, and such lands were not the property of the intestate at his death, and are not assets of estate, but are claimed from some other source by the plaintiffs, the ordinary pleadings suggested above will make an issue for the trial of these facts.

For the reason indicated above I think the judgment should be reversed and the case remanded for further proceedings.