ANNA PURNELL, PLAINTIFF IN ERROR, VS. FRANCES REED, ALIAS FRANCES PURNELL, DEFEDANT IN ERROR.

### HOMESTEAD—ALIENATION BY WILL.

Under the provisions of Section 4 of Article X of the Constitution of 1885, *where the holder of the homestead is without children*, he or she (as the case may be), *can* legally dispose of the homestead by last will and testament, subject, however, where such disposition is made by the husband, to the widow's right to dower therein as provided for by statute.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*R. B. Hilton* for Plaintiff in Error.

*M. C. Jordan* for Defendant in Error.

TAYLOR, J. :

The plaintiff in error, as plaintiff below, sued the defendant in error in ejectment in the Circuit Court of Duval county, for the recovery of a lot of ground within the corporate limits of the city of Jacksonville

on the corner of Laura and Orange streets, in area containing less than one-fourth of an acre. The cause was referred to and tried by a referee, and resulted in a judgment for the defendant, from which the plaintiff takes error here.

It appears from the proofs and findings of the referee that the lot in question is less than a half acre in area; that it is located within the corporate limits of the city of Jacksonville; that it was owned by one Jacob Purnell who resided in a house located thereon making it his home, and that he died there in July or August, A. D. 1888, the legal title to same still standing in his name. That he left a last will and testament by which he devised the said lot and all other property owned by him to the defendant Fraces Reed, called in the will "Frances Purnell;" which will was duly probated, and under the same the defendant claims title to the lot as devisee. From the proofs and admissions of all parties the said Jacob Purnell died leaving no children surviving him. It was proved for the plaintiff that Jacob Purnell, many years prior to his acquisition of this lot, was regularly and legally married to the plaintiff, and that they lived together as husband and wife for several years, and then became separated, according to the proofs, because of his abandonment of the plaintiff; and that they lived apart from each other for several years prior to his death, and thus lived apart from each other at the time of his death; but there is no evidence of any divorce, or even any attempt at divorce between them. He, in the mean time, however, taking the defendant to his home on the lot in question and living with her there in the capacity of his wife for several years prior to and up to the time of his death.

The effort of the plaintiff was to show that the lot in question was the homestead of her deceased husband, Jacob Purnell, who, though living apart from her for many years prior to and at the time of his death, was still her husband *de jure*, no divorce, legally severing the merital bonds between them, ever having been rendered, and that while this legal relationship of husband and wife existed between them he could not, by will or otherwise, alienate such *homestead* without her consent. Her effort was to have his will, devising the property to the defendant, treated as a nullity, because of his supposed inability to devise the homestead by will without the consent of the plaintiff, his surviving legal wife.

The sole question presented for our determination is, can the husband, who dies without children surving him, devise the *homestead* by will that is exempted to him under the Constitution of Florida of 1885, where he leaves surviving him a legal wife, without the consent, and adversely to the interests, of such wife. This court, in construing the homestead provisions of the Constitution of 1868, has repeatedly held that the homestead of a testator residing in this State, who dies leaving a wife *and children*, is not the subject of testamentary disposition, but that such property remains as though no will had been made, and descends to the heirs subject to the right of dower in the widow. Wilson vs. Fridenburg, 19 Fla., 461; Brokaw vs. McDougall, 20 Fla., 212; Wilson vs. Fridenburg, 21 Fla., 386. But the precise question here is now presented for the first time, and must be solved under the provisions of the Constitution of 1885, the husband owning the homestead having executed his will devising it, and having died, in 1888, subsequently to the

adoption and ratification of the Constitution of 1885. and dying, too, *without children* surviving him.

Were it not for the presence of Section 4 of the "Homestead and Exemptions," Article 10 in the Constitution of 1885, we would be of the opinion that the homestead was not the subject of testamentary devise, and that it was inalienable, either by will or otherwise, when the legal relationship of husband and wife existed, without the consent of the wife, and this whether there were surviving children or not, but the section referred to, that was absent from the former Constitution of 1868, provides as follows: "Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; *nor if the holder be without children* to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law." In construing the effect of Section 2 of the same Article X, in the recent case of Godwin vs. King, 31 Fla., 525, which provides that "the exemptions provided for in Section 1 shall inure to the widow and heirs of the party entitled to such exemption," etc., we have said that the Constitution of 1885 does not undertake, any more than did the Constitution of 1868, to regulate the *descent* of property; and that the respective shares of the widow and heirs are not determined by the homestead article in such Constitution, but are ascertained under the law regulating dower and the descent of property in force in this State; and, in effect, that the homestead provisions of the Constitution did not affect any of the widow's rights to dower as provided for in the dower statutes as they now exist; that she was entitled to dower under the statute, notwithstanding the

homestead provisions of the Constitution, in all of her deceased husband's property, real and personal, including the homestead, and that the dower thus taken was, *under the statute* then and now in force, exempt from the debts of the husband, independently of its immunity from those debts under the homestead exemptions of the Constitution. In brief, the widow's dower rights in her husband's estate, inclusive of that portion thereof denominated as the *homestead*, as provided for in the *dower statutes* now existing, are entirely unaffected by the homestead provisions of the Constitution, and remain the same as though the homestead provisions had never been engrafted into that instrument. One of the provisions of our dower statutes (Section 1, p. 475, McClellan's Digest, Section 1830 Revised Statutes), is that, "when any person shall make his last will and testament and not therein make any express provision for his wife by giving and devising unto her such part or parcel of real and personal estate *as shall be fully satisfactory to her*, such widow may signify her dissent thereto in the circuit or county judge's court of the county wherein she resides at any time within one year after the probate of such will, and then and in that case, she shall be entitled to dower," etc. This statutory provision, with all the others in relation to dower, remains unchanged and unaffected by the Constitution. The framers of that instrument, in recognition of the fact that the statutory provisions for the widow's dower were liberally ample, and remained entirely unaffected by anything embodied by them in the organic law, and that under those statutes she was fully secured and protected in those rights, no matter what direction the husband might undertake by will to give to his property inclusive of the homestead portion thereof, very consistently, as we

think, engrafted into that instrument the provision that *where there were no children* the husband *could* devise the homestead by last will and testament; the effect of which, when done in a manner unsatisfactory to the surviving widow, would be to relegate her to the assertion of her dower rights, enabling her, *under the statute*, to dissent thereto, which dissent, when expressed in time, practically annuls the will in so far as it undertakes to dispose of any part of the estate to which the widow would be entitled as dower under the statute. Our conclusion is that, under the provisions of Section 4 of Article X of the Constitution of 1885, *where the holder of the homestead is without children*, he or she (as the case may be), can legally dispose of the homestead by last will and testament, subject, however, where such disposition is made by the husband, to the widow's right to dower therein as provided for by statute.

The judgment appealed from is affirmed.