THE STATE OF FLORIDA *ex rel.* HIRAM J. HAMPTON, RELATOR, *Plaintiff in Error,* v. J. W. McCLUNG, *Defendant in Error.*

1. Under section 4, article V, constitution of 1885, as amended (page 361, acts of 1901), the concurrence of a majority of the members of the Supreme Court when sitting as a body is necessary to a decision.

2. Where the members of the Supreme Court sitting six members in a body after full consultation are equally divided in opinion as to whether or not a judgment should be reversed, and there is no prospect of an immediate change in the *personnel* of the court, it becomes the duty of those who favor reversal to vote with those who favor affirmance and thereby affirm the judgment of the lower court. In such a case while the judgment is a bar to another action for the same cause, yet, as no matters of law are decided so far as the questions upon which the court is equally divided are concerned, the judgment possesses no dignity or force as a judicial precedent as to such matters.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Macfarlane & Glen* for plaintiff in error.

*Phillips & Phillips* for defendant in error.

CARTER, J.—This writ of error was taken from a final judgment in mandamus rendered by the Circuit Court of Hillsborough county in favor of the defendant in error. The questions presented arise upon the ruling granting a motion to quash the alternative writ. The object of the proceeding was to compel defendant who was the principal of and a teacher in the Sixth Avenue Grammar School, a public school, in Tampa, Hillsborough county, to reinstate the relator's son as a pupil in that school, the boy having been expelled by defendant because he had written and published in a newspaper certain criticisms of the teachers in the school. It does not appear that the pupil or the father ever sought reinstatement through the supervisor, superintendent or school board, or that any of these officials had ever passed upon the matter of expulsion. While

the members of this court are unanimously of the opinion that the defendant in error had no power or authority to permanently expel the pupil from the benefit of the public school on acount of the published criticisms, and that mandamus will lie in a proper case to reinstate a pupil who has been wrongfully expelled, they are equally divided in opinion upon the question whether resort must first be had to the county school authorities before application can be made to the courts. The Chief-Justice, Mr. Justice Cockrell and Mr. Justice Shackleford entertain the view that the alternative writ was rightly quashed, because it failed to show that application had been made to the county school authorities for reinstatement, while Mr. Justice Hocker, Mr. Justice Whitfield and the writer are of a contrary opinion.

It was held in *Fraser v. Willey,* 2 Fla. 116, that where the members of the court were equally divided in opinion judgment must be entered affirming the judgment of the court below, and that such was the rule of the common law, but the constitution of 1885, sec. 4, art. V, as amended (see amendment page 361, acts 1901) provides that "The concurrence of a majority of the members of the court, sitting in any cause wherein the court shall sit as one body, shall be necessary to a decision," and this requires a majority to concur in order to decide a cause either for affirmance or reversal. We have not been able to find a similar provision in force in any other State except California, and there the court holds that where the members of the court after repeated consultations are equally divided in their opinion as to whether or not the case should be reversed and there is no probability of an immediate change in the *personnel* of the court, those who are in favor of reversal will vote with those who are in favor of affirmative, and thereby affirm the judgment of the lower court. Under our constitutional provision an equal division of opinion can not have the effect *ipso facto* of an affirmance for the constitution makes the concurrence of a majority necessary

to a decision, but where the division is permanent and there is no probability of an immediate change in the _personnel_ of the court it becomes the duty of those in favor of reversal to unite with their associates in affirming the judgment, otherwise the case might be continued indefinitely, and the delay amount to a denial of justice. In such a case the rule with respect to the force and effect of the judgment of affirmance is the same as that which prevailed at common law where the judgment was affirmed because of an equal division of opinion. Thus it does not import a division as to the nature of the judgment, but as to the question of law and fact involved in it. While the judgment is a bar to any subsequent action for the same cause, in this case for instance it will bar another action until application has been made to the proper school authorities for relief, yet as no matters of law are decided so far as the question upon which the court is equally divided is concerned, the judgment possesses no dignity as a judicial precedent. It carries upon its face a badge which precludes any application of it in future under the doctrine of _stare decisis._ "The judges simply agree that it is expedient to finish the litigation. It is a public expediency, and is often expedient also with respect to the interests of the parties. Supported by these considerations and the presumption of correctness which always attaches to the judgment of the court below, it is proper and right that the judges who were in favor of a reversal should waive any insistence of opinion and unite with their associates in an affirmance of the judgment. This they do without in any way relinquishing their convictions upon the questions of law or fact involved in the case." _Luco v. DeToro,_ 88 Cal. 26, 25 Pac. Rep. 983; _Frankel v. Deidesheimer,_ 93 Cal. 73, 28 Pac. Rep. 794; _Santa Rosa City R. R. v. Central St. Ry. Co.,_ 112 Cal. 436, 44 Pac. Rep. 733.

The rule which we announce has application to cases only where six justices are sitting, for if four only are sitting and an equal division of opinion should occur a Circuit

Judge or Circuit Judges must be called in as provided by chapter 5123, act approved May 20, 1903.

The judgment of the Circuit Court is affirmed.

TAYLOR, C. J., and HOCKER, COCKRELL, SHACKLEFORD and WHITFIELD, JJ., concur.