## Galveston, Harrisburg & San Antonio Railway Company v. W. Keesey.

Decided April 29, 1908.

**Carrier of Freight—Delivery to—Proof.**

    In an action against a railroad company for the value of freight alleged to have been delivered to a connecting carrier, but which the defendant carrier failed to deliver to plaintiff, evidence considered, and held insufficient to show delivery to the first carrier, and hence insufficient to support a verdict against the defendant. Proof of the delivery of the goods to the initial carrier was indispensable, and the burden of showing this was upon the plaintiff.

Appeal from the County Court of Presidio County. Tried below before the Hon. H. H. Kilpatrick.

*Baker, Botts, Parker & Garwood* and *Beall & Kemp,* for appellant.— The plaintiff must show delivery to the carrier, and subsequent loss or damage. Missouri Pac. Ry. Co. v. Breeding, 16 S. W. R., 185; Gulf, C. & S. F. Ry. Co. v. Roberts, 85 S. W., 479.

*J. A. Gillette,* for appellee.

JAMES, CHIEF JUSTICE.—The case was tried in the County County on appeal from the Justice's Court. The cause of action consists of a claim for the value of eighteen suits of clothing, as missing from the contents of a box shipped from Louisville, Ky., to W. Keesey, Ft. Davis, Texas. The court rendered judgment against defendant for the value of the eighteen suits with interest.

We overrule all of appellant's assignments of error except those which complain of the lack of evidence to show that the eighteen suits were in the box when the same was delivered to the initial carrier in Louisville. It is elementary that delivery of the goods to the initial carrier is indispensable, and that the burden of, showing this is upon the plaintiff.

The proof shows that the box was received by the carrier at Louisville, and the bill of lading shows only the box, weighing 150 lbs. It said nothing about its contents. Plaintiff's case depends, in this particular, on two affidavits which by consent were used as evidence, as follows:

First. "This day-appeared before me, J. M. Alford, notary public in and for the aforesaid county and State, R. T. Deespain, who, being duly sworn, states that he is stock man for the Bray Clothing Co., and that in the regular discharge of his duties he got up and checked off a certain lot of goods shipped to W. Keesey, Ft. Davis, Texas, on the 12th day of June, 1905, and he further states that all items, as called for in duplicate bill herewith, were in the lot when it left his department for the shipping room."

Second. "On the same day and date above mentioned (July 31, 1905), came Wilson G. Andrews, who, being duly sworn, states that he is shipping clerk for the Bray Clothing Co., and that on the 17th day of June, 1905, he received the above lot of goods from R. T. Deespain, and after rechecking the same, billed and shipped, and he further states that all items as called for in duplicate bill and bill of lading were in the same when it left the house, and in good order."

These affidavits refer for identification of the goods to a "duplicate bill herewith," but no such bill is attached to the affidavits, or appears in connection with them, consequently it can not be said that these affidavits are testimony that there were eighteen suits of clothing in the lot. The bill of lading referred to (which was apparently the bill of lading issued by the carrier) in the latter affidavit did not itemize the contents of the box, but designated only "one case of clothing." It is, therefore, apparent that it has not been proved that the articles

claimed to be missing were in the case when the same was delivered to the initial carrier.

And even if the affidavits had been sufficient in the matter referred to, it seems to us that there would be a further lack of proof in that the latter affidavit would simply have shown the contents of the case when it left the house of the shipper. This would not have shown a delivery to the carrier unless it was delivered to an agent of the carrier when it left the house. This could hardly be left to presumption.

*Reversed and remanded.*