VIDA BLANCHE COLE, *Appellant,* v. MELVIN VICTOR COLE,
*Appellee.*

### Division B.

### Opinion Filed November 29, 1924.

1. In the construction of a will, the intention of the testator,
   as therein expressed, shall prevail over all other considera-
   tions, if consistent with the principles of law. To this great
   rule in the exposition of wills, all others must bend.

2. In this case the intent of the testator, as shown by his last
   will taken as an entirety and considered in the light of the
   circumstances stated in the will and shown by the evidence
   to exist at the date of the will, is that the testator's divorced
   wife, who had already received her share of the testator's
   estate, be excluded from further participation in his estate;
   that the property shall be taken, held and administered and
   the net income therefrom enjoyed by his son, Melvin, subject
   to "an income from" the "estate amounting to not less than
   one hundred dollars per month," to be paid to the testator's
   daughter Vida Blanche during her natural life, and that if at
   the death of the daughter Vida Blanche if the son Melvin be
   living, the whole estate shall be the son's freed from the
   stated monthly payments, with a limitation that in the event
   the son Melvin should die without issue and the daughter
   Vida Blanche should survive him, the daughter Vida Blanche
   should have the entire estate, and that his daughter Vida
   Blanche shall receive an income from his estate amounting
   to not less than one hundred dollars per month, and further
   that after provision has been made for all necessary re-
   pairs, betterments and fixed charges, so as to avoid de-
   terioration or neglect of the property, the stated amount of
   $100.00 per month that shall be paid to the testator's daugh-
   ter, may be increased if the net income will so permit. The
   determination of whether the net income will permit an in-
   crease of the monthly payments of $100.00 to the testator's
   daughter is not left to the sole and arbitrary discretion of
   the testator's son; but is subject to review and approval or
   disapproval by the court.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree modified.

*James F. Glen* and *Whitaker, Himes* and *Whitaker,* for Appellant;

*Mabry, Reeves & Carlton,* for Appellee.

WHITFIELD, P. J.—Melvin Victor Cole brought a suit in equity in which in substance it is alleged that he and his sister Vida Blanche Cole are the only children of W. V. Cole, deceased; that the complainant is executor of his father's will and that his sister is dissatisfied with the complainant's interpretation of the will and with the administration of the father's estate. It is prayed that the will be construed and that further administration of the estate be under the authority of the court of equity.

The will is as follows:

"I, William V. Cole of the City of Tampa in the County of Hillsborough and State of Florida, being of sound mind, memory and understanding, do make this my last will and testament in the manner and form following: revoking any former will and declaring any such former will invalid and void.

"Ellinor Cole secured a divorce from the Circuit Court and in the settlement that occurred at the time secured her share of my estate as it existed at that time and therefore has no claim whatever on me or my estate at the present time or at any time since her divorce proceeding and the settlement following:

"The elder of two children Vida Blanche owing to her peculiar disposition and also from the fact that she has never had any educational advantages except what she ob-

tained at the Roman Catholic Convent, consequently she is poorly equipped to make her way in the world.

"While at the present time and for years past she has treated me in the most cruel manner, in fact I never heard of a daughter acting in such a manner as she has manifested to me notwithstanding the fact that I have always endeavored to give her a comfortable home and furnish her with everything that was within my means to provide.

"After mature reflection I have decided that she shall receive an income from my estate amounting to not less than one hundred dollars per month and after provision has been made for all necessary repairs, betterments and fixed charges that this amount may be increased if the net income will so permit without deterioration or neglect of the assets.

"This arrangement is to continue during the natural life of my said daughter Vida Blanche.

"At her death all of the estate is to revert to my son Melvin Victor Cole to do with as he wills or to his heir or heirs and assigns.

"My reason for this arrangement as stated above is the fact that my daughter appears to be totally unfitted to make her own living and after being married twice she is now alone again after being in the divorce court twice.

"Melvin my son is strong and rugged and has a much better education than his sister and besides has a disposition that enables him to make friends and get on in the business world.

"In conclusion I sincerely hope that lawyers and legal expenses may be kept to the minimum, there will no doubt be a certain amount of liquid assets which I desire to have placed in safe investment to increase the income from the estate.

"My son Melvin Victor will serve as Administrator of

my estate and trust that he may manage it carefully as it will be his interest so to do.

"If for any reason he should not be able to serve, then in that event I should desire and request David M. Cook to accept the trust, he is now Principal of the George Washington Junior High School. And if for any reason he could not serve, then I would desire that Peter Taylor fill the position, he is now the representative of the British Government here.

"Finally in the event that my daughter Vida Blanche should survive my son and he should (my son) die without issue, then my daughter would inherit and dispose of the estate as sole heir."

The court rendered the following:

## "FINAL DECREE.

"The above styled cause having come to be heard upon the pleadings and testimony in said cause, and the same having been argued by counsel for the respective parties and duly considered by the court, it is now upon consideration ORDERED, ADJUDGED AND DECREED as follows:

"1st. That the further administration of the estate of William V. Cole, deceased, be and the same is hereby assumed, taken over and shall be discharged by this court.

"2nd. That all questions touching the compensation of the complainant as executor for services heretofore performed be and the same are hereby reserved for further consideration and future decree; likewise, all questions touching the compensation of counsel for services in this cause are reserved for future consideration and decree.

"3rd. The complainant, Melvin Victor Cole, will remain as executor of the estate unless and until this court shall otherwise order, but the temporary order respecting the collection and disbursement of the rents made herein on May

29, 1923, shall continue and remain in force until further ordered, and to the extent thereof, but no further, the powers of said executor are and shall remain restricted until further ordered.

"4th. Relative to the construction of the will of the said William V. Cole, after due consideration thereof in the light of the circumstances surrounding the said William V. Cole at the time of the execution of the will, the income which his property was producing, his manifest attitude towards the parties, etc., as shown by the will and evidence, the court is of the opinion that the said testator intended that all of his property should pass to and be held and enjoyed by his son, the complainant, Melvin Victor Cole, subject only to the annuity stated in said will to be paid to the defendant, Vida Blanche Cole.

"It is therefore, upon consideration, ORDERED, ADJUDGED AND DECREED that the said Melvin Victor Cole is the owner in fee simple absolute of said property, subject to an annuity of $100.00 per month to be paid to the defendant, Vida Blanche Cole, during the period of her natural life, it being left in the judgment of the said executor to pay to the said defendant a greater amount per month or not.

"5th. All other questions, if any there be, not covered by this decree, are reserved for further consideration and further decree."

The defendant appealed.

In the construction of a will, the intention of the testator, as therein expressed, shall prevail over all other considerations, if consistent with the principles of law. To this great rule in the exposition of wills, all others must bend. Dean v. Crews, 77 Fla. 319, 81 South. Rep. 479.

The intent of the testator, as shown by his last will taken as an entirety and considered in the light of the cir-

cumstances stated in the will and shown by the evidence to exist at the date of the will, is that the testator's divorced wife, who had already received her share of the testator's estate, be excluded from further participation in his estate; that the property shall be taken, held and administered by his son Melvin, subject to "an income from" the "estate amounting to not less than one hundred dollars per month," to be paid to the testator's daughter Vida Blanche during her natural life, and that if at the death of the daughter Vida Blanche the son Melvin be living, the whole estate shall be the son's freed from the stated monthly payments, with a limitation that in the event the son Melvin should die without issue and the daughter Vida Blanche should survive him, the daughter Vida Blanche should have the entire estate.

The intent of the testator is that his daughter Vida Blanche shall receive an income from his estate amounting to not less than one hundred dollars per month, and further that after provision has been made for all necessary repairs, betterments and fixed charges, so as to avoid deterioration or neglect of the property, the stated amount of $100.00 per month that shall be paid to the testator's daughter, may be increased if the net income will so permit. But the determination of whether the net income will permit an increase of the monthly payments of $100.00 to the testator's daughter should not be left to the sole and arbitrary discretion of the testator's son. The administration of the estate is subject to the supervisory control of the court; and a determination by the executor whether, after all necessary repairs, betterments and fixed charges are provided for so that the property is not neglected or allowed to deteriorate, the net income of the estate will permit more, and how much more, than the fixed amount

of $100.00 per month to be paid to the daughter, is subject to review and approval or disapproval by the court.

In determining the amount of the monthly payments to be made to the daughter from the estate, in excess of $100.00 per month, the rights and interests of the son and of the daughter should have due consideration.

This construction of the will is to guide the chancellor in the administration of the estate.

Decree modified.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.

### On Application for Rehearing.

PER CURIAM.—The import of the opinion is that the intent of the testator as shown by the will is that the testator's property shall be taken, held and administered, and the net income therefrom enjoyed, by the testator's son, Melvin, subject to ''an income from'' the ''estate amounting to not less than one hundred dollars per month,'' to be paid to the testator's daughter Vida Blanche during her natural life,'' the particular monthly payments to be made to the daughter being subject to the approval of the court to effectuate the testator's intent as shown by the will.

Rehearing denied.

WHITFIELD, P. J. AND WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND BROWNE, J., concur in the opinion.

ELLIS, J.: The above is the import of the opinion which I think does not correctly interpret the will.