ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, *Plaintiff in Error*, vs. R. K. SEWARD, heretofore doing business as Punta Gorda Dry Goods Company, *Defendant in Error*.

142 So. 881.

Division A.

Opinion filed July 6, 1932.

Petition for rehearing denied August 23, 1932.

*Henderson & Franklin*, for Plaintiff in Error;

*Leitner & Leitner*, for Defendant in Error.

BUFORD, C. J.—This was an action to recover the value of certain merchandise alleged to have been shipped from Baltimore, Md., via Clyde Line Steamship Company from Baltimore to Jacksonville, Fla., and the Atlantic Coast Line Railway Company from Jacksonville to Punta Gorda, Fla., and not delivered to plaintiff. In addition to the pleas of the general issue, the defendant plead delivery of the merchandise to the consignee, the plaintiff. Judgment was in favor of the plaintiff and writ of error was taken from this court to that judgment. The judgment was affirmed here on a three-three Per Curiam Order under authority of the opinion and judgment in the case of Hampton vs. McClung, 47 Fla. 224, 37 Sou. 51.

A motion for rehearing was presented and granted and

the case is now before us for reconsideration on motion for rehearing.

The declaration alleges that the merchandise for which defendant is sued because of non-delivery thereof, consisted of one crate of B. V. D. Underwear consisting of 24 dozen suits of the value of $11.25 per dozen. The evidence disclosed by the record fails to show that a crate of B. V. D. Underwear consisting of *24 dozen suits* of the *value of $11.25 per dozen* was delivered to the initial carrier and, therefore, it follows that the evidence necessarily fails to show that this particular merchandise was delivered to the connecting carrier which would have been on delivery thereof to it charged with the duty of delivering it to the consignee. The most the evidence shows is that a crate of merchandise shipped from B. V. D. Company of Baltimore, Md., was delivered by the Clyde Steamship Company to the Atlantic Coast Line Railroad Company at Jacksonville on June 4, 1926. The bill of lading attached to the declaration, and which does not appear to have been introduced in evidence, shows that a crate of merchandise was shipped by the B. V. D. Company, Inc., from Baltimore, Md., via Clyde Line to Jacksonville and the Atlantic Coast Line Railway Company from Jacksonville to Punta Gorda on May 24, 1926, but there is no showing as to what that package contained except ''cotton union suits unl'd.''

We can not indulge in the presumption in that absence of proof to that effect, that the package contained 24 dozen suits of underwear of the value of $11.25 per dozen and, therefore, we are forced to hold that the plaintiff failed to prove his case.

A case in point will be found in Galveston H. & S. A. Ry. Co. vs. Casey, decided by the Court of Civil Appeals of Texas, 110 S. W. 170.

For all the record in this case shows, the package may

have contained any number of suits of underwear of any value.

The evidence is conflicting in regard to delivery of a certain package which the plaintiff appears to have assumed was a package of B. V. D. underwear consisting of 24 dozen union suits. But, the defendant sustained by a preponderance of evidence, the burden of proof that the package which the plaintiff claimed was short was delivered by the defendant to a drayman whom the plaintiff had allowed for a long period of time to receive and sign for freight consigned to him at the defendant's depot and that such receipts by such drayman had at all times theretofore been ratified by the plaintiff. It is too well settled to admit of argument or to require the citation of authorities that delivery by a common carrier to the known agent of the consignee constitutes delivery to the consignee.

For the reasons stated the judgment must be reversed and it is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

TERRELL, J., concurs in the opinion and judgment.

WHITFIELD, P.J., AND DAVIS, J., concur in the reversal.