J. W. LARRAMORE v. STATE.

150 So. 732.

Opinion Filed August 10, 1933.

*P. J. Cunningham* and *Samuel W. Getzen,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant. for the State.

PER CURIAM.—J. W. Larramore was convicted of murder in the first degree and sentenced to death in the Circuit Court of Jackson County. Thereafter he sued out a writ of error to this Court, and upon consideration of the same the judgment of the circuit court was on December 4th, 1931, affirmed on the authority of State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 Sou. Rep. 51, it appearing that the six members of the Court, after full consultation, were permanently and equally divided in opinion as to whether the judgment should be affirmed or reversed and that there was at that time no prospect of an immediate change in the personnel of the Supreme Court.

We are now confronted with a special and extraordinary petition for a rehearing upon the judgment of affirmance entered December 4th, 1931. The constitutional ground of the petition is to the effect that this Court in entering its decision affirming the judgment of the circuit court on December 4th, 1931, did not comply with Section 4 of Article V of the Constitution of the State of Florida, and that therefore the judgment of affirmance, though entered of record on our minutes, is nevertheless null and void because in violation, so it is alleged, of the constitutional provision referred to.

Section 4 of Article V of the Constitution of Florida reads as follows:

"The majority of the Justices of the Supreme Court shall constitute a quorum for the transaction of all business. But when there shall be six Justices of the Supreme Court, the Court may hear and determine cases and exercise any of its powers when sitting either in a body or in two divisions, under such regulations as may be prescribed by law by or the rules of said Court not inconsistent therewith. *The concurrence of a majority of the members of the Court sitting in any cause wherein the Court shall sit as one body shall be necessary to a decision, and when any member of a division of the Court shall dissent from the majority of such division on any question, such questions shall be submitted to the Court sitting in a body.* The number of terms of the Supreme Court and the time of holding the same shall be regulated by law. All terms shall be held at the Capital of the State."

The pertinent portions of the Section relied upon by petitioner in this extraordinary proceeding have been emphasized in quoting the Section of the Constitution referred to.

It is further contended by petitioner that since the Constitution of the State provides for appellate review and requires a concurrence of a majority of the members of the Supreme Court sitting in any cause wherein the Court shall sit as one body in order to make a decision, that a decision by the Supreme Court based upon an equal division of the Justices constitutes a denial of the due process of law under the Fourteenth Amendment of the Constitution of the United States in that the execution of such a judgment would amount to unconstitutionally depriving the petitioner, Larramore, of his life without a concurrence of a majority

of the members of the Supreme Court in the execution of any such sentence.

The answer to petitioner's contention is that while the Justices were equally divided in *opinion* as to whether or not the judgment should be affirmed or reversed, they were nevertheless unanimously agreed in the Court's *decision* to the effect that the judgment of the circuit court should be affirmed, because plaintiff in error upon whom the burden rested, had failed to convince a majority of the Supreme Court of Florida that the judgment was erroneous and should therefore be reversed, in consequence of which all six members of the appellate court having *decided* that the division of the appellate court was permanent, and having decided that the permanent division existed full and repeated consultation, and having decided that there was no prospect of an immediate change in the personnel of the Court, thereupon decided that the necessary conclusion to be reached in order to dispose of the case was that the judgment of the circuit court should be affirmed because of the conditions found and *decided* to *exist* which required such affirmance.

The present petition amounts in effect to an attack upon the correctness of what was heretofore decided in State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 Sou. Rep. 51, wherein the proposition now raised was discussed at length and definitely settled. It would have been sufficient in the present case, to have denied petitioner a consideration of the petition now before us, solely on the authority of that case, since that case has been cited and followed for so many years since it was originally decided.

However, in view of the fact that the judgment against petitioner which has been affirmed on authority of that case, is one which requires the infliction on him of capital punish-

ment, and this is the first time a case has come before this Court wherein a capital sentence has been ordered affirmed on the authority of State *ex rel.* Hampton v. McClung, *supra,* we have felt constrained to again go into the subject therein dealt with. And, after full and mature deliberation, we have reached the conclusion that our prior decision was correct and that there is no occasion for now overturning, even in a capital punishment case, an authority so long followed in this jurisdiction as State *ex rel.* Hampton v. McClung, *supra.*

It follows from what has been said that the judgment of this Court entered Devember 4th, 1931, affirming the judgment of the Circuit Court of Jackson County, Florida, condemning the petitioner, Larramore, to death by electrocution, is not void as claimed by petitioner, but is in all respects a legal and proper judgment of the Supreme Court of Florida in the premises rendered at the June, 1931, term of this Court. This being so, it follows that this Court has no jurisdiction to now interfere with the judgment, the term at which it was rendered having long since expired and no steps having been taken to preserve the jurisdiction of this Court over it.

It is therefore considered, ordered and adjudged that the petition herein to vacate the judgment of this Court rendered on the 4th day of December, 1931, and reinstate the cause on the docket for further consideration as an appellate case, be and the same is hereby denied.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.