VIDA BLANCHE COLE, single, and VIDA BLANCHE COLE, as Administratrix, etc., v. ELLEN J. SLAGG, a widow, *et al.*

177 So. 617.
Division B.
Opinion Filed January 4, 1937.
Rehearing Granted February 23, 1937
On Rehearing October 13, 1937.

*Edwin R. Dickenson* and *Robert W. Patton,* for Appellant;

*Charles H. Ross* and *Fred T. Saussy,* for Appellees.

TERRELL, J.—William V. Cole died testate in Hillsborough County. In his will he provided that his property should be taken, held, and administered, and the net income

therefrom enjoyed by his son, Melvin Victor Cole, subject to an income of not less than one hundred dollars per month to be paid by the administrator to his daughter, Vida Blanche Cole, during her natural life. Cole v. Cole, 88 Fla. 347, 103 So. 78; 102 Fla. 917, 136 So. 605; 106 Fla. 226, 143 So. 235.

In July, 1930, Melvin Victor Cole, as executor and trustee, represented to Ellen J. Slagg, the appellee, that in order to preserve the estate from forced sale he had to raise $3,000 with which to pay delinquent city, state, and county taxes, and requested her to make him a loan of that amount. Mrs. Slagg made the loan and it was used to pay taxes on the property belonging to the estate. It was evidenced by notes and was secured by a mortgage on a portion of the property.

The notes and mortgage came due, were not paid, and Mrs. Slagg filed her bill to foreclose. Motion to dismiss was overruled and on final hearing the chancellor found the equities to be with the complainant and decreed a sale of the property to satisfy the mortgage. The property was sold at master's sale and brought $2,000 which was $1521.34 less than the amount due on the mortgage but no deficiency decree was entered. The sale was confirmed and the present appeal was prosecuted from the final decree.

Appellant contends, (1) That she is an annuitant, that Melvin V. Cole was a contingent remainderman, and that not having signed the mortgage executed by the latter to appellee she is not bound by it, and (2) Under the facts in the case appellee is a mere volunteer and cannot be subrogated to the tax liens so paid against the mortgaged premises. Wilson v. Fridenberg, 19 Fla. 461; Fridenberg v. Wilson, 20 Fla. 359; and Wilson v. Fridenberg, 21 Fla. 386; are relied on to support this contention.

We have examined the record and our view is that Melvin V. Cole was more than a contingent remainderman. Under the decision of this Court construing the will, Cole v. Cole, *supra,* he took and held the entire estate subject only to the annuity of not less than $100 per month to Vida Blanche Cole. He was consequently the holder and the annuity for Vida Blanche Cole was all that separated him from complete ownership.

It is also our view that appellee was not a volunteer in this case. She was sought after by Melvin V. Cole, loaned her money, and became a party to this cause on his urgent solicitation. He was vitally interested in preserving the estate and was being pressed for taxes past due and had a tax foreclosure suit by the city in progress against him when the loan was made. A volunteer or stranger is one who thrusts himself into a situation on his own initiative, unprompted by an invitation or inducement.

With this statement of the law as revealed from the facts disclosed by the record, we are impelled to conclude that the decree of the chancellor was correct. The trustee was being pressed for taxes that had to be paid to save the estate. After the mortgage was executed and the taxes paid Vida Blanche Cole collected more than three years' annuities under the will and now seeks to vitiate the mortgage without offering to do equity.

The estate was being administered by a court of equity when the mortgage was executed. For all the record discloses it was necessary to save the estate from dissolution. Under such circumstances it was competent for the chancellor to protect the equity of appellee in the mortgaged property.

We have examined the Fridenberg cases relied on by appellant but they are clearly distinguished from this. In

that case it appears that the trustee incumbered the homestead which he was without power to do. This fact clearly distinguishes those cases from the present case.

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, P. J., dissents.

ELLIS, P. J. (dissenting).—This Court in the case of Cole v. Cole, 88 Fla. 347, 103 South. Rep. 78, did not hold that Melvin V. Cole took a fee simple title to the land embraced in the mortgage to Ellen J. Slagg, nor as for that matter to any part of the real estate which constituted the estate of William V. Cole.

The decree of the Chancellor in the construction of that will held that Melvin V. Cole had the fee simple title but this Court in reviewing that decision said that the import of the will was that "the testator's property shall be taken, held and administered, and the net income therefrom enjoyed, by the testator's son, Melvin, subject to 'an income from' the 'estate amounting to not less than one hundred dollars per month, to be paid to the testator's daughter, Vida Blanche, during her natural life,' the particular monthly payments to be made to the daughter being subject to the approval of the court to effectuate the testator's intent as shown by the will." Cole v. Cole, *supra*.

This Court also decided that the administration of the estate was to be under the supervision and control of the Chancellor. This must necessarily mean that any encumbrance of the estate by mortgage must be with the consent and under the direction and control of the Court in which the estate was to be administered. The decree of the Chancellor that Melvin V. Cole held a fee simple title was modified by the decree of this Court.

The will expressly provides that in the event of the death of Melvin V. Cole without issue the daughter, Vida B. Cole, "would inherit and dispose of the estate as sole heir."

This language is utterly inconsistent with the idea of a fee simple estate in Melvin V. Cole.

It does not appear that the mortgage from Melvin V. Cole to Ellen J. Slagg was directed or authorized to be made by the Chancellor, so that the execution of such mortgage encumbering the estate, which must necessarily be regarded as in the administration of it, was without authority and did not encumber the fee simple title of the property mortgaged, even if it were within the power of the Chancellor to direct an encumbrance of the fee simple title without the consent of the owner of the contingent remainder.

There are no elements of either a conventional or equitable subrogation of Ellen J. Slagg to the rights of the State and County to enforce the collection of taxes.

I think, therefore, that the decree of the Chancellor should be reversed.

### On Rehearing

PER CURIAM.—A petition for rehearing having been granted in this cause and the cause having been reargued by Counsel for the respective parties and having been further considered by the Court, Mr. Chief Justice ELLIS, Mr. Justice BUFORD, and Mr. Justice CHAPMAN are of the opinion that the decision of the Court rendered herein on January 4, 1937, should be recalled and that the decree appealed from herein should be reversed with directions for further appropriate proceedings; while Mr. Justice WHITFIELD, Mr. Justice TERRELL and Mr. Justice BROWN are of the opinion that the decision rendered and judgment entered herein on January 4, 1937, should be reaffirmed and that the decree appealed from herein should be affirmed.

When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the decree should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore it is considered, ordered and adjudged under the authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 So. Rep. 51, that the decree of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.