JOHN A. FALLESEN, *et ux.*, v. P. G. DUSENBURY, *et al.*

179 So. 663.
Division B.
Opinion Filed March 3, 1938.

*Richard H. Hunt, George. H. Salley,* and *Thomas H. Anderson,* for Appellants; ˉ

*Lyle D. Holcomb, Evans, Mershon & Sawyer, M. L. Mershon* and *W. O. Merhrtens,* for Appellees.

CHAPMAN, J.—The last Will and Testament of Andrew P. Fallesen contained the following clause: "To my son, John A. Fallesen and Hattie, his wife, my home at 558 N. E. 63rd Street, Miami, Florida, with all its belongings indoors and outdoors that belongs to me at the sum of $25,000.00." To a bill of complaint filed in the Circuit Court of Dade County, Florida, for the purpose of obtaining a construction or interpretation thereof an answer was filed containing the following:

"* * * and that the quoted words, 'that belongs to me at the sum of $25,000.00' were inserted by said testator for the purpose of showing and characterizing the price at which said testator had acquired and owned said home and its furnishings and belongings, and to show the amount of said testator's investment in said property. That, as a matter of actual fact, the said testator had paid a purchase price of $25,000.00 for said home and its furnishings and belongings at the time he acquired the same in the year 1925, as more fully appears by the original deed of conveyance dated June, 1925, duly executed by Elenora Wolff and her husband, Herman Wolff, unto said A. P. Fallesen, conveying said home and its furnishings unto said A. P. Fallesen, the original of which deed, with its accompanying certificates of acknowledgment, canceled revenue stamps, and certificate of recording is hereunto annexed, made a part of this answer, and marked Exhibit No. 2. That the home place referred to in said will is the only home which Andrew P. Fallesen owned at the time of the making of his said will or at the time of his death, or at any other time subsequent to the date of said deed. That the property described in said deed is the identical home place and furnishings mentioned in the said will of said Andrew P.

Fallesen. That said deed was recorded on June 16, 1925, in Deed Book 603, page 386, Records of Dade County, Florida. That in and by said warranty deed to Andrew P. Fallesen, he, as grantee therein, assumed an outstanding mortgage against said property in the amount of $2,000.00, as a part of the consideration for the purchase price thereof, and there are affixed to said deed and cancelled $23.00 in United States documentary stamps to evidence the portion, to-wit, $23,000.00, of said purchase price which was paid by said Andrew P. Fallesen for said property in addition to the assumption of said $2,000.00 mortgage. That the last quoted words in said will are merely descriptive of the said property and cannot be altered or varied to change the effect of said will and the intention of said testator as expressed therein."

The lower court entered an order overruling and denying a motion to strike the part of the described answer, *supra,* and from said order an appeal was taken and the same is here for review.

In the case of Brown v. Harris, 90 Fla. 540, 106 So. 412, this Court enunciated one of the rules that shall guide a court in the exposition of wills when it said:

"In the construction of a will, the intention of a testator, as therein expressed, shall prevail over all other considerations, if consistent with the principles of law. To this great rule in the exposition of wills, all others must bend. Rewis v. Rewis, 79 Fla. 126, 84 South. Rep. 93; Cole v. Cole, 88 Fla. 347, 103 South. Rep. 78; Dean v. Crews, 77 Fla. 319, 81 South. Rep. 479."

The appraised value of the property affected by the will is the total sum of $65,728.50 and the appraised value of the real estate is the sum of $19,000.00, and the remainder of the personal property is appraised at $46,728.50. The son, John A. Fallesen, and wife Hattie, were given the home

of the testator located at 558 N. E. 63rd Street, Miami, Florida; his daughter, Julian H. Simpson, and husband, C. S. Simpson, were given the Savage Apartments and all furnishings, while the other daughter, Eva B. Kagey, was given the Kagey Building situated at Hollywood, Florida. He gave to his grandchildren and his sister the sum of $5,000.00 each, making a total sum of $20,000.00. The residue of his said estate, less cost of administration, was to be divided equally among his three children.

It is contended here that under the above mentioned provision of the will that his son, John A. Fallesen and wife Hattie, in addition to the home, with all belongings, indoors and outdoors, located at 558 N. E. 63rd Street, Miami, Florida, should receive the sum of $25,000.00. The provision is: "To my son, John A. Fellesen and Hattie, his wife, my home at 558 N. E. 63rd Street, Miami, Florida, with all its belongings, indoors and outdoors that belongs to me at the sum of $25,000.00." If this contention is adopted, John A. Fallensen and Hattie will receive approximately one-half of the value of the estate and the other provisions thereof will be materially impaired and possibly defeated. It seems that the will divided the real estate among his three children and four specific legacies to his sister and three grandchildren and the remaining portion, after payment of the four specific legacies, less cost of administration, or the residue, should be divided equally between the three children. If the clause "at the sum of $25,000.00," *supra,* is to be construed as giving this sum in addition to the home to his son, John A. Fallensen and wife Hattie, there will be left only a small sum to be equally divided among the three children and the cost of administration materially affected.

It is alleged in the portion of the answer sought to be stricken "that the testator paid a purchase price of

$25,000.00 for said home and its furnishings and belongings at the time he acquired it in the year 1925." Other written documents were attached to corroborate the allegation. The allegations of facts are admitted to be true by the motion to strike. With this information before us, the intention of the testator is clear and certain that when the clause is given a substitution of words to make it free from all ambiguity and uncertainties, it should read after substitution: "To my son John A. Fallesen and Hattie, his wife, my home at 558 N. E. 63rd Street, Miami, Florida, with all its belongings indoors and outdoors that belong to me (which I value) at the sum of $25,000.00"

It was clearly the intention of the testator to give:

1. John A. Fallesen and his wife Hattie his home;

2. His daughter, Julia H. Simpson and her husband P. S. Simpson, "the Savage Apartment with all furnishings;"

3. His daughter, Eva E. Kagey, "the Kagey Building at Hollywood;"

4. The grandson, John A. Fallensen, Jr., the sum of $5,000.00;

5. The granddaughter, Lillian J. Kagey, the sum of $5,000.00 and was to receive it when 21 years of age;

7. The granddaughter, Virginia L. Kagey, the sum of $5,000.00 and was to receive it when 21 years of age;

7. The testator's sister, Louise Leybourne, the sum of $5,000.00;

8. The mortgage given to testator by S. A. Kagey covering the property located at Hollywood, Dade County, Florida, should be given back to S. A. Kagey;

9. When the bequests (1 to 8) *supra,* are charged to trustor's estate, "the rest and residue of my estate of every

kind and nature (shall) be equally divided between (a) his son, John A. Fallesen; (b) his daughter, Julia H. Simpson; (c) his daughter Eva E. Kagey."

We think with the substitution, *supra,* each and every doubt of the testator's desire is removed and his intentions are fully expressed in his last Will and Testament and should prevail. This being a proper interpretation or construction of the last Will and Testament of Andrew P. Fallesen, it clearly indicates that there was no error committed by the lower court in denying the motion to strike the above described portion of the answer assigned as error in this court.

The order appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.