JOHN TIVAS v. ANNA M. TIVAS

194 So. 796
En Banc
Opinion Filed March 8, 1940
Rehearing Denied April 4, 1940

*Osmond Bie* and *J. Carl Lambdin,* for Appellant;
*Clair A. Davis,* for Appellee.

PER CURIAM.—In this cause Mr. Chief Justice TERRELL, Mr. Justice BROWN and Mr. Justice THOMAS are of opinion that the decree in this cause should be affirmed while Mr. Justice WHITFIELD, Mr. Justice BUFORD and Mr. Justice CHAPMAN are of opinion that the said decree should be reversed. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the decree should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore it is considered, ordered and

adjudged under the authority of State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 So. R. 51, that the decree of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

CHAPMAN, J. (dissenting).—I am unable to agree to the majority opinion filed in this case. The record here discloses that John Tivas was around 77 or 78 years of age and while sitting on a bench on a street in St. Petersburg, Florida, met a woman whom he later married. They left the bench and went to a bar for a bottle of beer. She was a widow 65 years of age and a practical nurse capable of earning $22.00 per week. The friendship of the couple continued to grow when she went to his house to nurse him during an alleged illness, and remained there for a number of days. The neighbors testified that John Tivas was not sick at the time and was not in need of a nurse.

John Tivas confided to his intended wife that he had $28,000.00 to his credit in one bank and $16,000.00 in another. He exhibited two bank books to corroborate his statement. The friendship of the intended wife and her affections of a never-dying type came into existence when she convinced herself that John Tivas was wealthy. She soon convinced him that he needed a wife and that she was the chosen one. A trip to the office of Jack White, County Judge, at Clearwater resulted in their becoming man and wife and they returned to his home where she employed her idle time by planting flowers and otherwise beautifying the place.

Some few days after marriage she obtained from her husband a key to his lock box at the bank and on June

20, 1938, had the deed to the home conveyed to a third person, who in turn conveyed it to her and husband as an estate by the entireties. She checked up carefully on her husband's property and was convinced that he misrepresented to her its true value. He did not have the $44,000.00 on deposit as contemplated by her at the time of the marriage, but had a modest sum of less than $5,000.00.

When convinced of these stern facts, it suddenly developed that her husband was guilty of: (a) extreme cruelty; (b) ungovernable temper; (c) and other grievous shortcomings, and she filed a suit under the statute for: (1) alimony; (2) suit money *pendente lite;* (3) Attorney's fees; and on final hearing the lower court awarded her $15.00 per week as alimony and $800.00 as attorney's fees. An appeal has been perfected to this Court, and the decree is here for a review.

A study of the record convinces me that the intention of the wife was to obtain the $44,000.00 which she believed he had and after marriage learned that the $44,000.00 was nothing more than the "fulmination of a visionary lover." She still held a deed to an interest in his home and lived with him only some 10 or 12 days after marriage, and because of his cruelty was forced to leave his home. The defendant and neighbors testified that they knew of no acts of cruelty practiced toward the wife by the husband. The testimony supporting the decree assigned as error rests on the testimony of the wife. He was 78 years of age and very deaf. The wife here bore no children, neither did her industry contribute to the value of the estate of the defendant. Her health was not adversely affected by the 10 or 12 days of cohabitation with her husband, and her testimony fails to bring her within the statute on which her suit is brought.

There can be no genuine affection for the 79-year-old

husband as proclaimed by the wife prior to marriage when the evidence is overwhelming that her "designs" were to get the old man's property through the matrimonial channel. The laws of nature would in her judgment call the old man to his reward and then she would take over his property. She figured marriage with this old man offered greater security than a WPA job under a Democratic administration. She performed no act or deed for the old man that would justify her taking over his property. She used the vehicle of marriage to advance her financial interests and when advised of the correct property holdings of her husband, immediately deserted him under the pretext of cruelty and ungovernable temper. This old man should not be fleeced by this designing woman. The evidence is sufficient to support a decree for divorce. The decree appealed from should be reversed and a decree of divorce entered for John Tivas.