ROBERTS, Justice.
This cause is before the court on cer-tiorari granted to review the decision of the District Court of Appeal, Third District, in Rains ford v. McArthur Dairies, Fla.App., 1959, 108 So.2d 914. The decision in question denied certiorari in a workman’s compensation case in which both the Deputy Commissioner and the Full Commission declined to award compensation to the claimant, who is the petitioner here, on a finding of fact that he was an independent contractor and not an employee of the respondent, McArthur Dairies, at the time of the injury for which compensation was sought.
The writ was initially issued by this court because of an apparent conflict with Sears, Roebuck & Co. v. Pixler, 140 Fla. 677, 192 So. 617. In its decision of affirmance the appellate court considered the Sears, Roebuck case and held that there were material distinctions in the facts involved in the two cases, so that the Sears, Roebuck case did not require a finding contrary to that made by the Deputy Commissioner and the Full Commission respecting the claimant’s employment status. Upon further consideration of the evidence, we agree and have concluded that the finding of fact in this respect is amply supported thereby. It follows that the District Court of Appeal was eminently correct in declining to overturn the Commission’s order denying compensation to the petitioner-claimant.
It should be noted that 'the petitioner’s reliance upon the Sears, Roebuck decision was misplaced for another reason. That case was decided in 1939 at a time when this court was composed of only six justices; and it appears that only three justices voted- for affirmance, with two justices dissenting and one justice not participating. Under § 4 of Article 5 of our Constitution, F.S.A., the concurrence of a majority of the six-member court was necessary to a decision when any member of a division of the court dissented from the majority of such division on any question. See State ex rel. Hampton v. McClung, 1904, 47 Fla. 224, 37 So. 51, 52. The affirmance of the lower court’s decision upon the basis of only three af *619 firmative votes was made pursuant to the policy of this court to do so in order to avoid a delay in a decision of the appeal which might amount to a denial of justice. But, as stated in State ex rel. Hampton v. McClung, supra,
“While the judgment is a bar to any subsequent action for the same cause, * * * yet, as no matters of law are decided so far as the question upon which the court is equally divided is concerned, the judgment possesses no dignity as a judicial precedent. It carries upon its face a badge which precludes any application of it in future under the doctrine of stare de-cisis.”
Accordingly, the writ of certiorari heretofore issued should be and it is hereby quashed and the cause dismissed.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON and O’CONNELL, JJ., concur.