ANDREWS, Judge.
This is an appeal by the defendant Charlie Will Jerry from an order denying relief without hearing under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
The defendant pleaded guilty on two charges of breaking and entering with intent to commit a felony in the Circuit Court of Pinellas County. He was sentenced on August 17, 1961 to serve terms of six months to five years on each charge, to run concurrently. The defendant was paroled, and was again convicted in Pinellas County of breaking and entering and sentenced on August 1, 1963 to serve two terms of six months to five years, also to run concurrently. He is now serving the sentence on the judgments of August 1, 1963, and will begin to serve the sentence for the terms imposed on August 17, 1961 when his present sentences terminate.
*773 The trial court denied relief on authority of numerous cases decided by this court, including White v. State, Fla.App.1964, 165 So.2d 799. This court, in following said cases, per curiam affirmed the trial court by opinion filed on March 12, 1965. The defendant, in proper person, filed motion for rehearing on April 8, 1965, which must be stricken as not having been timely filed under Florida Appellate Rule 3.14, 31 F.S.A. The mandate of affirmance was entered on April 2, 1965.
On March 31, 1965 this court in the case of Jones v. State, Fla.App.1965, 174 So.2d 452, receded from its holding in White v. State, supra, and cases holding similarly for the reason that a person who is serving one sentence and is now moving to vacate a sentence which commences in the future is actually in custody under both sentences in contemplation of Criminal Procedure Rule No. 1.
In order to conform the rulings of the court in this case to the recent decision in Jones v. State, supra, it is necessary that the mandate he recalled and set aside; a rehearing he granted by this court, sua sponte, and its per curiam affirmance recalled; the record reviewed and such opinion rendered as may be proper under the circumstances.
The mandate of this court during the term in which entered may be vacated, corrected and changed. Trustees of Internal Improvement Fund v. Bailey (1864), 10 Fla. 238; Larramore v. State (1933), 111 Fla. 755, 150 So. 732. This court is now in its January 1965 term, which does not expire until July 12, 1965. Accordingly, we hold that this court retains the right to recall and vacate a mandate for good cause until the end of the term in which said mandate was issued.
The petition of the defendant for relief under C.P.R. No. 1 alleges he was indigent; he was not able to employ counsel at his trial, and was not advised of his rights to counsel. The record on appeal does not show that he was represented by counsel.
Accordingly, the petition for rehearing is stricken; a rehearing sua sponte by this court is granted; the mandate issued on April 2, 1965 is recalled and vacated; the cause is considered on rehearing; and the case reversed with directions that the defendant be granted a hearing on his motion for relief under C.P.R. No. 1 as to the sentence imposed August 17, 1961.
ALLEN, Acting C. J., and WHITE, J., concur.