PER CURIAM.
Sua sponte, we hold that this court has no jurisdiction to review the order entered by the deputy commissioner on February 11, 1981.
This court’s prior opinion in this cause was filed on October 27, 1980 (389 So.2d 1214), reversing and remanding to the deputy commissioner for entry of an order containing specific findings on the issues of whether a compensable injury occurred, as well as findings and conclusions on the issue of whether the notice of injury was timely filed. Our opinion did not indicate that our remand was a relinquishment of jurisdiction, nor did this court reserve jurisdiction of the cause. Pursuant to the opinion and decision, this court’s mandate was issued on December 18, 1980, and this appeal file was *1019 closed. Subsequently, on February 11, 1981, the Deputy Commissioner entered his modified order finding no compensable accident, and finding that the employer was not promptly notified of the accident under the requirements of the worker’s compensation law. The claimant, seeking further review of this modified order, filed a “Memorandum” in this cause on March 9, 1981, requesting this court to reverse the Deputy Commissioner’s modified order, and to order the Deputy Commissioner to enter an award in favor of the claimant. There is no indication in the record of this cause that this “Memorandum” was filed with the Deputy Commissioner, nor did the claimant make any showing that this was done in his response to our order to show cause. Therefore, even if this court should treat such a memorandum as a notice of appeal (3 Fla.Jur.2d, Appellate Review, §§ 117-120), this court would still be without jurisdiction since no timely notice was filed with the deputy commissioner as required by Worker’s Compensation Rule of Procedure 16(a). See Malyn v. Atlantic Federal Savings & Loan Association, 384 So.2d 957 (Fla. 1st DCA 1980).
Because of the public policy favoring disposition of litigation on the merits, rather than upon technical matters of procedure, we have considered the circumstances under which an appellate court may recall its mandate. In Chapman v. St. Stephens Protestant Episcopal Church, 105 Fla. 683, 138 So. 630 (1932), the Supreme Court held that it has jurisdiction to modify or change its own judgment of reversal during the term at which the judgment was rendered, when it is made to appear to the court that it has committed an error which requires such change of its judgment in order to prevent a miscarriage of justice, even though a mandate has been issued and lodged in the circuit court. The court stated the rule that jurisdiction of an appellate court over its own judgments persists to the end of the term at which the judgment is rendered, and then absolutely terminates, in the absence of statute or rule having the effect of a statute in force to the contrary, and that the appellate court in a proper case may recall its mandate and reassume jurisdiction over its own judgments during the term at which they were entered. See Colonel v. Reed, 379 So.2d 1297 (Fla. 4th DCA 1980). In Barth v. City of Miami, 146 Fla. 542, 1 So.2d 574 (1941), the court recalled its mandate during the same term and reconsidered a case involving a negligence complaint which it had previously affirmed the dismissal of. The affirmance was based on law which was changed by the court in a subsequent decision, City of Tampa v. Easton, 145 Fla. 188, 198 So. 753 (1940), a case which extended and widened the domain of municipal liability. The court reconsidered the Barth case based on the law announced in City of Tampa v. Easton. A similar situation occurred in Jerry v. State, 174 So.2d 772 (Fla. 2nd DCA 1965). In that case also the court recalled its mandate in order to conform the ruling in Jerry to a recent decision of the court in Jones v. State, 174 So.2d 452 (Fla. 2nd DCA 1965). The court held that it retained the right to recall and vacate a mandate for good cause until the end of the term in which the mandate was issued.
The regular term of this court in which the decision of October 27, 1980 was filed ended on the Monday preceding the second Tuesday in January, 1981. Section 35.10, Florida Statutes (1979). Therefore, even if this court should be inclined to set aside its mandate to “prevent a miscarriage of justice,” which would be highly unlikely based upon our analysis and review on appeal of the deputy’s initial order, we would be prevented from doing so under the dictates of the decisions above reviewed.
Accordingly, the pending application for review in this cause is dismissed and further appellate review is terminated.
ERVIN, SMITH and SHIVERS, JJ., concur.