PER CURIAM.
We withdraw our mandate in this Anders[1] appeal. The following sentence had been typed into a form order entitled “Charges/ Costs/ Fees”: “A sum of $100.00 pursuant to section 893.13(4)(b) Florida Statutes (F.D.L.E.).” Initially we thought that this condition was imposed by the trial court and struck it because the defendant was not sentenced for a drug offense. It now appears that this typewritten statement is included on all the trial court’s forms, regardless of whether a drug offense is involved, but the charges were never actually assessed against the defendant. Therefore, we recall and vacate our June 5, 1996 mandate, sua sponte. State Farm Mut. Auto. Ins. Co. v. Judges of the District Court of Appeal, Fifth District, 405 So.2d 980 (Fla.1981); Thompson v. Singletary, 659 So.2d 435 (Fla. 4th DCA 1995); United Faculty of Fla. v. Board of Regents, 423 So.2d 429 (Fla. 1st DCA 1982); Jerry v. State, 174 So.2d 772 (Fla. 2d DCA 1965).
We affirm the judgment and sentence imposed upon the defendant.
MANDATE RECALLED AND VACATED; JUDGMENT AND SENTENCE AFFIRMED.
PETERSON, C.J., and COBB and HARRIS, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).